IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GWENDOLYN MARIE IRBY,        )   | |
|     Plaintiff,        ) | |
| ) | |
| v.        ) | CIVIL ACTION NO. 16-00204-N |
| ) | |
| CAROLYN W. COLVIN, Acting        ) | |
| Commissioner of Social Security,        ) | |
|     Defendant.        ) | |

## ORDER

    Plaintiff Gwendolyn Marie Irby has brought this action under 42 U.S.C. § 1383(c)(3) seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("the Commissioner") dated March 22, 2016, denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383c.  With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73.  (*See* Docs. 19, 20).

    In response to Irby's Brief and Fact Sheet (Doc. 16) listing the specific errors upon which she seeks reversal of the Commissioner's decision, the Commissioner filed a motion to remand Irby's cause for rehearing (Doc. 18) under sentence four of 42 U.S.C. § 405(g) ("The [district ]court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the

cause for a rehearing."),[1] representing that Irby does not oppose the motion.[2]

Upon consideration, it is **ORDERED** that the Commissioner's unopposed motion to remand (Doc. 18) is **GRANTED**. The Commissioner's March 22, 2016 final decision denying Irby SSI benefits is **REVERSED** and this cause is **REMANDED** for a rehearing under sentence four of § 405(g). Securing a "sentence four" remand makes Irby a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this cause.

Should Irby be awarded Social Security benefits on the subject application following this remand, under Federal Rule of Civil Procedure 54(d)(2)(B) the Court hereby grants Irby's counsel an extension of time in which to file a motion for fees under 42 U.S.C. § 406(b) (applicable to SSI claims under 42 U.S.C. § 1383(d)(2)(A)) until thirty days after the date of receipt of a notice of award of benefits from the SSA.[3] Consistent with 20 C.F.R. § 422.210(c), "the date of receipt of notice … shall

---

[1] *See also* 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing [for SSI benefits] shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title.").

[2] Sentence six of § 405(g) provides that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security…" However, the Commissioner filed her answer (Doc. 14) prior to requesting remand, and her motion does not set forth "good cause," other than that Irby does not oppose remand.

[3] *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam) ("Fed. R. Civ. P. 54(d)(2) applies to a § 406(b) attorney's fee claim."); *Blitch v. Astrue*, 261 F. App'x 241, 242 n.1 (11th Cir. 2008) (per curiam) (unpublished) ("In *Bergen v. Comm'r of Soc. Sec.,*

be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." If multiple award notices are issued, the time for filing a § 406(b) fee motion shall run from the date of receipt of the latest-dated notice.

Final judgment shall issue separately in accordance with this Order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 17th day of November 2016.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

454 F.3d 1273 (11th Cir. 2006), we suggested the best practice for avoiding confusion about the integration of Fed. R. Civ. P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406 is for a plaintiff to request and the district court to include in the remand judgment a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. 454 F.3d at 1278 n.2.").