# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GWENDOLYN MARIE IRBY, ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 16-00204-N |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security,[1] ) | |
|    Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On February 6, 2017, Plaintiff Gwendolyn Marie Irby (hereinafter, "the Plaintiff") filed and served a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") and Federal Rule of Civil Procedure 54(d)(2) (Doc. 20), requesting an award of $2,586.20 in attorney's fees from the Defendant Commissioner of Social Security. The Commissioner has timely filed and served a response stating that she "has no objection to an award of attorney's fees in the amount of $2,586.20." (Doc. 25). Upon consideration, the Court finds the Plaintiff's motion for attorney's fees (Doc. 23) is due to be **GRANTED in part** and **DENIED in part**.[2]

---

[1] On notice of the Defendant (*see* Doc. 25 at 1 n.1), Nancy A. Berryhill is substituted for Carolyn W. Colvin as the Acting Commissioner of Social Security under Federal Rule of Civil Procedure 25(d).

[2] With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure

I.   Analysis

"The EAJA provides that the district court 'shall award to the prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.' " *Newsome v. Shalala*, 8 F.3d 775, 777 (11th Cir. 1993) (quoting 28 U.S.C. § 2412(d)(1)(A)-(B)) (footnotes omitted).  "[T]hree statutory conditions must be satisfied before a district court can award EAJA attorney's fees.  First, the claimant must file an application for fees within thirty days of final judgment in the action… Second, assuming the fee application was timely filed, the claimant must qualify as a prevailing party… Finally, if the claimant is a prevailing party who timely filed an EAJA fee application, then the claimant is entitled to receive attorney's fees unless the government can establish that its positions were substantially justified or that there exist special circumstances which countenance against the awarding of fees."  *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990) (citation and quotation marks omitted).

A.   Timeliness

"The Equal Access to Justice Act ('EAJA'") provides that a 'party seeking

---

73, and S.D. Ala. GenLR 73.   (*See* Docs. 19, 20).

an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses...." 28 U.S.C. § 2412(d)(1)(B) (1982). It is settled that a 'final judgment' means that the judgment is final and not appealable. 28 U.S.C. § 2412(d)(2)(G)." *United States v. J.H.T., Inc.*, 872 F.2d 373, 375 (11th Cir. 1989). "[T]his timely filing requirement is jurisdictional in nature; that is, a claimant's failure to file an EAJA application within thirty days of a final judgment no longer appealable precludes the district court from considering the merits of the fee application." *Newsome*, 8 F.3d at 777 (citing *Myers*, 916 F.2d at 672–73).

Where, as here, "the district court enters a 'sentence four' remand order[ under 42 U.S.C. § 405(g)], that judgment is appealable." *Id.* at 778. "[W]hen a remand was pursuant to sentence four, the 30–day filing period for applications for EAJA fees 'begins after the final judgment ('affirming, modifying, or reversing') is entered by the [district] court and the appeal period has run, so that the judgment is no longer appealable.' " *Id.* (quoting *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)).

Because a United States officer sued in an official capacity is a party to this action, the time to appeal that judgment expired after sixty (60) days from November 17, 2016, the date the Court entered its "sentence four" remand order and judgment (Docs. 21, 22). *See* Fed. R. App. P. 4(a)(1)(B). Thus, the judgment became no longer appealable after January 17, 2017. *See* Fed. R. Civ.

P. 26(a)(1). Because the Plaintiff filed his motion on February 6, 2017, the application is timely, and the Court has jurisdiction to consider its merits.

### B.   Prevailing Party

In this action, the Plaintiff won a remand of a final decision of the Commissioner under sentence four of 42 U.S.C. § 405(g), thus making the Plaintiff a "prevailing party" entitled to EAJA fees. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). "Courts have routinely awarded EAJA attorney's fees to claimants in Social Security cases who satisfy the statutory conditions." *Newsome*, 8 F.3d at 777. *See also Myers*, 916 F.2d at 666 ("Since the EAJA's enactment, the vast majority of EAJA awards have gone to claimants who succeeded in challenging contrary benefits decisions made by the Secretary of Health and Human Services.").[3]

### C.   "Substantially Justified"/Special Circumstances

"The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person—i.e. when it has a reasonable basis in both law and fact. The government bears the burden of showing that its position was substantially justified." *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997) (citations and quotations omitted).

---

[3] Given that the Plaintiff qualified to proceed *in forma pauperis* in this action (*see* Doc. 7), she is plainly not "an individual whose net worth … exceed[ed] $2,000,000 at the time the civil action was filed" and thus qualifies as a "party" for purposes of the EAJA. *See* 28 U.S.C. § 2412(d)(2)(B).

The Commissioner has not attempted to show that her position was substantially justified. Indeed, the Commissioner agreed to the "sentence four" remand in this action (*see* Doc. 18), and she does not oppose the Plaintiff's requested award of EAJA fees (*see* Doc. 22). Given the Commissioner's position, and there being apparent from the record no special circumstances which countenance against the awarding of fees, the Court finds that the Plaintiff is entitled to an award of fees under EAJA.

However,

[t]he EAJA further provides:

> The amount of fees awarded ... shall be based upon prevailing market rates, for the kind and quality of services furnished except that ...
>
> (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the *cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.*

28 U.S.C. § 2412(d)(2)(A)(ii) (emphasis added).

In *Meyer v. Sullivan,* 958 F.2d 1029, 1033 (11th Cir. 1992), [this Circuit] recognized a two-step process for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act. First, the district court must "determine the market rate for 'similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation.' " *Id.* (citation omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living, or a special factor." *Id.* at 1033-34.

*Brungardt v. Comm'r of Soc. Sec.*, 234 F. App'x 889, 891 (11th Cir. 2007) (per curiam) (unpublished).

The Plaintiff requests an award of fees based upon a rate of $191.57 per hour for 13.5 hours of attorney time spent in this action. (Doc. 23 at 2). After reviewing the timesheet of Plaintiff's counsel (Doc. 23-2), the Court finds the number of billed hours to be reasonable.[4] To determine whether the upward adjustment to the hourly rate is justified, the Court will use the formula from this Court's decision in *Lucy v. Astrue*, which the Plaintiff has proposed using and which is often used to determine prevailing market rates for EAJA applications.

> The prevailing market rate for social security cases in the Southern District of Alabama has been adjusted to take into account an increase in the cost of living. *Lucy v. Astrue,* CV 06–147–C, 2007 U.S. Dist. LEXIS 97094 (S.D. Ala. July 5, 2007). In *Lucy,* the following formula, based on the CPI, was utilized:
>
> > ($125/hour) x (CPI–U[5] Annual Average "All Items Index," South Urban, for month and year of temporal midpoint)/152.4, where 152.4 equals the CPI–U of March 1996, the month and year in which the $125 cap was enacted.
>
> *Id.* at *12. The "temporal midpoint" is calculated by counting the

---

[4] "The court…is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quotation omitted).

[5] Consumer Price Index for All Urban Consumers, as determined by the Bureau of Labor Statistics of the United States Department of Labor (http://www.bls.gov/cpi/tables.htm (last visited Feb. 17, 2017)).

> number of days from the date that the claim was filed to the date of the Magistrate or District Judge's Order and Judgment. *Id.* at *5–6.

*Winters v. Astrue*, Civil Action No. 11-00261-CB-B, 2012 WL 1565953, at *2 (S.D. Ala. Apr. 9, 2012), *report and recommendation adopted*, 2012 WL 1556652 (S.D. Ala. Apr. 30, 2012).

The complaint in this action was filed on May 16, 2016, and the Court's Remand Order and Judgment were entered on November 17, 2016. The number of days between those two dates (i.e. excluding the start and end dates) is 184; thus the "temporal midpoint" between those two dates falls in August 2016. The relevant CPI–U for August 2016 was 233.508. Plugging the relevant numbers into the foregoing formula renders the following equation: ($125 x 233.508) / 152.4. This calculation yields an hourly rate, adjusted for "cost of living" increases, of $191.53,[6] which the Court finds to be an appropriate hourly rate under EAJA to take into account increases in cost of living.

---

[6] The Plaintiff asserts that "the 'CPI-U Annual Average "All Items Index," South Urban' " for August 2016 is "233.561" and has thus arrived at an adjusted hourly rate of $191.57. (*See* Doc. 23 at 3). In support of this CPI-U figure, the Plaintiff has attached to her motion a table of purported Bureau of Labor Statistics data that indeed states the relevant CPI-U figure for August 2016 is 233.561. (*See* Doc. 23-4 at 2). However, that chart contains little information as to how it was prepared and where its figures came from. The undersigned has independently consulted the consumer price index tables for August 2016 available on the official website of the Bureau of Labor Statistics, which states that the CPI-U Annual Average South Urban "All Items Index" for August 2016 is 233.508. See https://www.bls.gov/cpi/cpid1608.pdf, p. 40 (last visited Feb. 17, 2017).

Thus, the Court will award the Plaintiff attorney's fees under EAJA in the amount of $2,585.66 (i.e. $191.53 hourly rate x 13.5 hours).

## II.　Conclusion

In accordance with the foregoing analysis, it is **ORDERED** that the Plaintiff's unopposed motion for attorney's fees (Doc. 20) is **GRANTED in part** and **DENIED in part** such that the Plaintiff is awarded from the Defendant Commissioner of Social Security **$2,585.66** in attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.[7]

**DONE** and **ORDERED** this the 17th day of February 2017.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] Unless a party requests one by motion, no separate judgment regarding attorney's fees shall be forthcoming.　*See* Fed. R. Civ. P. 58(a)(3) (judgment need not be set out in a separate document for an order disposing of a motion for attorney's fees).